UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **MAINE MEDICAL CENTER, INC.,** )<br>            **Plaintiff**           )<br>                                    )<br>**v.**                                )<br>                                    )<br>**GENERAL REINSURANCE CORPORATION,** )<br>                                    )<br>           **Defendant.**         ) | Civil No. _____<br>Notice of Removal |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant General Reinsurance Corporation ("GRC") respectfully files this Notice of Removal of this case from the Superior Court of Cumberland County, Maine.

In support of this Notice of Removal, GRC states as follows:

1.  Pursuant to 28 U.S.C. § 1446, GRC is filing as Exhibit A to this Notice of Removal a copy of all pleadings and process that have been served upon GRC in this action.

2.  Plaintiff Maine Medical Center, Inc. ("MMC") brought this action against GRC in Superior Court of Cumberland County, Maine by filing a Complaint on May 26, 2021, which was docketed as Case No. CV-2021-206.

3.  GRC was informed of the Complaint by counsel for MMC on June 1, 2021. Counsel provided GRC with a copy of the Complaint that same day.

4.  This action concerns MMC's claim for excess loss indemnity under an Excess Insurance Policy for Self-Insurer of Workers Compensation and Employers Liability Policy Nos. X-14254 through GDX014254D, effective from April 16, 1995 to January 1, 2001 (the "MMC Policy"). The MMC Policy was initially issued to Maine Medical Center, which was renamed on December 31, 1995 as Maine Medical Center Foundation Workers Compensation Group

Program.  Maine Medical Center remained a Named Insured.  GRC also issued Excess Insurance Policy for Self-Insurer of Workers Compensation and Employers Liability Policy Nos. GDX014390 through GDX014390A to MaineHealth, Inc., effective from January 1, 2001 to January 1, 2003; Maine Medical Center is an insured by endorsement.  MMC contends that the MMC Policy affords excess loss indemnity for amounts paid by MMC as a qualified self-insurer under the workers compensation law, in connection with multiple workers compensation claims filed by former MMC employee J.L. (the "J.L. Injuries").  GRC disputes the extent to which excess loss indemnity is available under the MMC Policy for amounts incurred by MMC in connection with the J.L. Injuries.

5. The basis for removal is 28 U.S.C. § 1332(a).  Under § 1332(a), United States District Courts have jurisdiction over all actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the action is between citizens of different states.

6. Plaintiff MMC is a non-profit corporation formed under the laws of the State of Maine with its principal place of business in the City of Portland, County of Cumberland, State of Maine.  Accordingly, under 28 U.S.C. § 1332(c)(1), MMC is a citizen of Maine.

7. Defendant GRC is a corporation organized under the laws of Delaware with its principal place of business in Stamford, Connecticut.  Accordingly, under 28 U.S.C. § 1332(c)(1), GRC is a citizen of Delaware and Connecticut.

8. The amount in controversy exceeds the $75,000 minimum jurisdictional amount required under 28 U.S.C. § 1332.  In Paragraph 8 of the Complaint, MMC asserts that it has paid $590,522.26 in connection with the J.L. Injuries.  MMC demands that GRC reimburse MMC for

all payments made in excess of $500,000, which currently totals $90,522.26, including reimbursements for future payments.

9. Accordingly, jurisdiction over the subject matter of this case properly lies under 28 U.S.C. § 1332(a)(1) due to diversity of citizenship and 28 U.S.C. § 1441(a) as the district in which the Superior Court of Cumberland County, Maine is located.

10. This Notice of Removal is timely. It has been filed with this Court within thirty days of GRC's receipt "through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based," as provided by 28 U.S.C. § 1446(b).

11. A copy of this Notice of Removal also has been served upon the Plaintiff and forwarded for filing with the Clerk of the Superior Court of Cumberland County, Maine to effect removal of this action to the United States District Court for the District of Maine pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, having met all of the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all jurisdictional requirements established by 28 U.S.C. § 1332, GRC gives notice that it removes this case to the United States District Court for the District of Maine. Dated: June 30, 2021.

                Respectfully submitted,

                */s/ John S. Whitman*
                John S. Whitman,
                Richardson Whitman Large & Badger
                465 Congress Ave., 9th Floor
                Portland, Maine 04101
                Telephone: (207)774-7474
                Email: jwhitman@rwlb.com
                *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June 2021, I served this Notice of Removal by email and U.S. mail on the following:

James D. Poliquin
Norman, Hanson & Detroy, LLC
Two Canal Plaza
P. O. Box 4600
Portland, ME 04112-4600
(207) 774-7000
jpoliquin@nhdlaw.com
*Counsel for Plaintiff MMC*

/s/ John S. Whitman
John S. Whitman,
Richardson Whitman Large & Badger
465 Congress Ave., 9th Floor
Portland, Maine 04101
Telephone: (207)774-7474
Email: jwhitman@rwlb.com
*Counsel for Defendant*