| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO.<br>CV-21-206 |
| MAINE MEDICAL CENTER, INC., )<br>)<br>  Plaintiff )<br>)<br>v. )<br>)<br>GENERAL REINSURANCE CORPORATION, )<br>)<br>  Defendant ) | COMPLAINT |

NOW COMES the Plaintiff Maine Medical Center, Inc., by and through its counsel, and states in support of its Complaint as follows:

1. Maine Medical Center, Inc. ("MMC") is a non-profit corporation formed under the laws of the State of Maine with its principal place of business in the City of Portland, County of Cumberland, State of Maine.

2. The Defendant General Reinsurance Corporation ("GRC") is an insurer organized under the laws of the State of Connecticut with its principal place of business in Stamford, Connecticut.

3. GRC had issued an Excess Insurance Policy for Self-Insurer of Workers' Compensation and Employer Liability policy to MMC with effective dates of April 16, 1995 to January 1, 2001 with policy number X-14254-GDX014254D.

REC'D CUMB CLERKS OFC
MAY 26 '21 AM 11:46

4. GRC also issued Excess Insurance Policy for Self-Insurer of Workers' Compensation and Employer Liability, policy number GDX014390 to MaineHealth, Inc., effective from January 1, 2001 to January 1, 2003, which policy included MMC as a named insured per Endorsement No. 1.

5. In 2004, Judy Lindeman, a former employee of MMC, filed multiple Petitions for Award of Compensation under the Maine Workers Compensation Act alleging a number of different dates of injury.

6. Following a hearing, a Decree was issued on May 9, 2006 finding that Lindeman had sustained a work-related injury on October 1, 1997 and on December 7, 2000.

7. The Decree granted the Petition for Award on the October 1, 1997 date of injury and awarded the employee "the protection of the Act for that injury to both arms." As concerns the Petition for Award on the December 7, 2000 date of injury, the Decree awarded the employee the protection of the Act and "entitlement to payment of total incapacity benefits ... from March 8, 2004 to the present and continuing ... ."

8. MMC has paid Lindeman total incapacity benefits from March 8, 2004 to the present with those payments continuing. The total indemnity (wage) benefit payments through May 8, 2021 are $571,993.65 and $18,528.61 for medical expenses through May 13, 2021.

9.  The excess policy issued by GRC had an insured's retention for each accident or each employee for disease of $500,000.

10. MMC made a demand upon GRC to reimburse MMC for all payments made in excess of the $500,000 retention.

10. GRC has denied MMC's demand for reimbursement on the basis that it believes two separate retentions apply, and MMC has not demonstrated an allocation of the total payments to the two separate injury dates resulting in a payment above the retention.

11. All of the payments made by MMC are properly allocated to the December 2000 injury date, thereby obligating GRC to reimburse MMC for any payments made above the $500,000 retention and entitling MMC to an order requiring GRC to assume all future additional workers' compensation obligations to Lindeman.

13. GRC's failure to reimburse MMC the amounts paid above the $500,000 retention constitutes a breach of its contractual obligations to MMC.

14  In the event it is determined, contrary to MMC's position, that the payments to Lindeman must be allocated to the two separate injury dates, MMC requests that that allocation be made and judgment entered in MMC's favor to the extent it has made any payment above the retention, and a declaration regarding GRC's obligation to reimburse MMC for future payments.

WHEREFORE, MMC respectfully requests that judgment be entered in favor of MMC for (1) the total amount of workers' compensation benefits paid in excess of the $500,000 retention as of the date of judgment, plus interest, costs, and attorney's fees; (2) a declaration that GRC is obligated to reimburse MMC for any payments to Lindeman in the future; and (3) such other relief as the Court may deem appropriate.

DATED at Portland, Maine, this 26th day of May 2021.

_____
James D. Poliquin (Bar No. 2474)
Attorney for Plaintiff

NORMAN, HANSON & DETROY, LLC
Two Canal Plaza
P. O. Box 4600
Portland, ME  04112-4600
(207) 774-7000
jpoliquin@nhdlaw.com